UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-10447-RGS

UNITED STATES OF AMERICA

v.

JAMES DE LA CRUZ

ORDER ON
PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

December 28, 2021

STEARNS, D.J.

Petitioner James De La Cruz, proceeding *pro se*, brought this petition on November 9, 2021, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The basis for the motion is an alleged disparity

---

[1] Section 2255 is not a substitute for direct appeal, but rather provides post-conviction relief in four limited instances: "if the petitioner's sentence was (1) imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[ ] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962). In other words, a cognizable Section 2255 claim that does not raise constitutional or jurisdictional issues must reveal "exceptional circumstances" that compel redress. *Id.* The petitioner bears the burden

between his sentence (108 months) and the sentence (63 months) imposed on his codefendant, Juan Santos Roque.  As the government notes in its opposition, both sentences were set by the court at the low end of the applicable Guideline Sentencing Range (GSR).  Defendant Roque's GSR was lower because he was determined by the court to have been a minor participant in the drug transaction facilitated by the petitioner.

Of more immediate significance, De La Cruz appealed his case on October 18, 2021, to the First Circuit Court of Appeals where it is now pending.  The Court of Appeals is the appropriate forum for any initial review of De La Cruz's claim.  By persevering with this premature petition, he risks being trapped into a (reverse) procedural default.  *See Oakes v. United States*, 400 F.3d 92, 95 (1st Cir. 2005) ("If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defaulted.").  Given that De La Cruz is proceeding *pro se* in an unfamiliar setting, the court will dismiss the petition without prejudice to avoid any unintended forfeiture of De La Cruz's right to ultimately seek habeas relief.

## ORDER

For the foregoing reasons, De La Cruz's motion to vacate, set aside, or

---

of demonstrating an entitlement to relief.  *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980).

correct his sentence is <u>DENIED</u> without prejudice.[2]

                                               SO ORDERED.

                                               <u>/s/ Richard G. Stearns      </u>
                                               UNITED STATES DISTRICT JUDGE

---

[2] Petitioner is advised that any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 of the court's Order dismissing his petition is also <u>DENIED</u>, the court seeing no meritorious or substantial basis for an appeal. The Clerk will close the matter and notify the petitioner accordingly.