UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-10447-RGS

UNITED STATES OF AMERICA

v.

JAMES DE LA CRUZ

MEMORANDUM AND ORDER ON
DEFENDANT'S EMERGENCY MOTION
FOR MODIFICATION OF SENTENCE
AND COMPASSIONATE RELEASE

January 3, 2022

STEARNS, D.J.

The authority of a trial court to reduce the sentence of a committed prisoner, unlike in the case of a pretrial detainee, is tightly circumscribed. A sentence once imposed may not be modified except to the extent permitted by Rule 35 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 3582(c). However, there is an exception enacted by Congress that took effect on December 21, 2018. Under 18 U.S.C. § 3582(c)(1)(A), a district court, on a motion by the Director of the Bureau of Prisons (BOP), or by a defendant who has exhausted his prescribed administrative rights, may order a compassionate reduction of sentence: (1) on a finding of "extraordinary and

compelling reasons" warranting such a reduction; or (2) on findings that apply to elderly long-term inmates suffering from terminal or self-debilitating illnesses and who, as a result, are no longer deemed a danger to the safety of any person or the community. Petitioner James De La Cruz, who is of a relatively young age, and does not suffer from a terminal or self-debilitating illness, does not fit the eligibility criteria that apply to the second statutory category of inmate described in the statute.[1]

De La Cruz was sentenced by the court on October 8, 2021, to 108-months imprisonment followed by three years of supervised release after he pleaded guilty to the transportation into Massachusetts of nearly 16 kilograms of fentanyl and heroin. To date, he has served roughly eighteen months of his committed sentence.

In his motion, De La Cruz asks that his committed sentence be reduced to time served with the balance of the sentence to be discharged in home confinement primarily because of the threat of infection posed by the COVID-19 virus in a prison setting. While De La Cruz suffers from several underlying health conditions, notably sleep apnea, asthma, and

---

[1] Although the record is not clear whether De La Cruz has in fact exhausted his administrative remedies – his motion implies that he has, but the government contends that he has not. If he has not, I agree with the government that the failure is jurisdictional and therefore constitutes an independent and conclusive basis for denying the motion for release.

hypertension, these are not among the preexisting conditions that the Centers for Disease Control recognize as posing an enhanced risk of contracting COVID-19.

The gravamen of De La Cruz's complaint is that prisons, like other congregate settings, are prone to outbreaks of COVID-19, and that prison life in general, particularly given the lockdown measures taken by prison authorities to prevent the spread of the disease, is unpleasant.  While these complaints are understandable, they are not among the conditions that courts (and there are many) reviewing compassionate release motions have found to be "extraordinary and compelling."  Moreover, the risks of De La Cruz contracting COVID-19 while incarcerated have been greatly ameliorated by the fact that he was administered a second vaccine dose on October 14, 2021, by the authorities at Wyatt Detention Center, and will shortly be eligible for the booster shot.

While I am as concerned as any judge with the impact of COVID-19 on the prison population, unless society is to make the decision that all prisoners should be released because of the pandemic, there must be a means of differentiating those eligible for release from those who are not.  In setting the conditions that justify compassionate release, Congress made its best effort to provide judges with the tools they need to make these difficult and,

3

at times, conscience-wrenching decisions.[2]  However, De La Cruz does not meet any of the mandated eligibility criteria for compassionate release. Moreover, his record of noncompliance with pretrial release conditions – which led to Magistrate Judge Boal's revoking of his release on January 25, 2021, make him an even less attractive candidate for home confinement.

Because I can foresee no circumstances under which De La Cruz could be deemed eligible at present for compassionate release, I see no reason for a hearing on the matter.[3]

---

[2] Congress, in addition to the quantitative criteria set out in § 3582(c)(1)(A)(ii), directs courts to those set out in the Bail Reform Act and the policy statements of the United States Sentencing Commission.  *See* 18 U.S.C. § 3582(c)(2).  None of these has a bearing on De La Cruz's petition.

[3] As I have previously noted, the late Chief Justice Ralph Gants of the Massachusetts Supreme Judicial Court summarized the considerations admirably in reminding us that "in conducting . . . *de novo* review [of a detention decision], a judge must give careful consideration not only to the risks posed by releasing the defendant – flight, danger to others or to the community, and likelihood of further criminal acts – but also, during this pandemic, to the risk that the defendant might die or become seriously ill if kept in custody." *Christie v. Commonwealth*, 484 Mass. 397, 398 (2020). The Chief Justice's admonition is equally pertinent in weighing the balancing factors that underlie a motion for compassionate release.  Here, I believe that it is the community that bears the greater risk should De La Cruz be released, particularly given the seriousness of his involvement in the smuggling of a large quantity of deadly opioids in utter disregard of the public health and safety.

5

ORDER

For the foregoing reasons, the Motion for Compassionate Release is DENIED.

SO ORDERED.

/s/ Richard G Stearns
UNITED STATES DISTRICT JUDGE