UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION No. 19-10447-RGS
CIVIL ACTION No. 24-12019-RGS

JAMES DE LA CRUZ

v.

UNITED STATES OF AMERICA

ORDER ON PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE

August 29, 2024

STEARNS, D.J.

Petitioner James De La Cruz, proceeding *pro se*, brought this petition on Augst 5, 2024, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The sole basis for the motion is alleged ineffective assistance

---

[1] Section 2255 is not a substitute for direct appeal, but rather provides post-conviction relief in four limited instances: "if the petitioner's sentence was (1) imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[ ] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962). In other words, a cognizable Section 2255 claim that does not raise constitutional or jurisdictional issues must reveal "exceptional circumstances" that compel redress. *Id.* The petitioner bears the burden of demonstrating an entitlement to relief. *See Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980).

of counsel. De La Cruz asserts that his attorney failed to negotiate a plea bargain with the government securing him a lesser sentence than the one imposed by the court after his open plea of guilty.

On August 16, 2024, the government filed an opposition (Dkt # 166), noting that De La Cruz's counsel had advocated vigorously at the sentencing hearing for a downward departure. While the court rejected the argument for a departure, it imposed a sentence of 108 months; the lowest level of the advisory guideline range of 108-135 months calculated by the court, the Probation Officer, and the parties.[2] The substantive reasonableness of the court's sentence was affirmed by the Court of Appeals on January 30, 2024. *See United States v. De La Cruz*, 91 F.4th 550 (1st Cir. 2024).

Notwithstanding the largely positive outcome, De La Cruz insists that his lawyer could have conducted a more extensive investigation of the facts of his case "to present a defense strong enough to induce a plea agreement from the government," Pet., Dkt # 165 at 14, citing *Padilla v. Kentucky*, 559 U.S. 356 (2010). While in *Padilla*, the Supreme Court recognized plea negotiations as a critical stage of criminal litigation for Sixth Amendment

---

[2] De La Cruz pled guilty to conspiring to possess and distribute one kilogram or more of heroin and 400 grams or more of fentanyl. He would have been subject to a 10-year mandatory minimum term of imprisonment but for the operation of the so-called "safety valve," 18 U.S.C. § 3553(f).

effectiveness of counsel purposes, the issue in *Padilla* involved counsel's failure to apprise the defendant of the likelihood of his deportation because of his guilty plea. That said, it is an incontrovertible proposition of law that a defendant has no constitutional right to a plea offer from the government. *Lafler v. Cooper*, 566 U.S. 156, 168 (2012).  While most federal criminal cases are resolved by way of a plea of guilty, that is not the same thing as saying that in all these cases a plea is tendered pursuant to a plea bargain. Particularly given the incentive for a sentence reduction offered under the Sentencing Guidelines for acceptance of responsibility, many pleas in the court's experience (as was the case here) are offered without any prior agreement with the government over a sentencing recommendation.

Of particular significance in this case is the government's representation to the court "that given the overwhelming evidence [gathered against De La Cruz], government counsel did not contemplate offering a plea beyond the recommendation for a low-end Guidelines sentence, which is the sentence De La Cruz received."  Gov't. Opp'n, Dkt # 166 at 9.  In other words, no amount of badgering the government for a "bargain" would have fared De La Cruz any better.[3]

---

[3] It is evident that De La Cruz is unable to establish either prong of the ineffective assistance of counsel test set out in *Strickland v. Washington*, 466

As for the final arrows in his quiver, De La Cruz points first to the fact that his trial counsel some two and one-half years after the sentencing was disbarred from practice by the Supreme Judicial Court for reasons wholly unrelated to his representation of De La Cruz. Absent any showing of causation, the debarment proceeding is of no consequence to the analysis of the instant petition. Second, he complains that his counsel failed to consult with him regarding a filing of a notice of appeal. Pet., Dkt # 165 at 18-19. This is a curious complaint as in fact an appeal was taken with a counsel appointed by the Court of Appeals and disposed of by that Court in a precedential opinion. Thus, even if it is true that trial counsel did not actively engage with De La Cruz on the issue of an appeal, no prejudice resulted. *Cf. Peguero v. United States*, 526 U.S. 23, 29-30 (1999) ("[P]etitioner is not entitled to habeas relief . . . when he had independent knowledge of the right to appeal and so was not prejudiced by the trial court's omission.").

---

U.S. 668 (1984), that is, that his counsel's performance was so inferior as to have been objectively unreasonable, *see McGill*, 11 F.3d at 226, or that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Given the absence of merit to any of De La Cruz's arguments, his petition is an appropriate candidate for a summary disposition without a hearing, particularly where, as here, the issues are being advanced before the judge who presided at the plea and related proceedings. *See United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

## ORDER

For the foregoing reasons, De La Cruz's motion to vacate, set aside, or correct his sentence is <u>DENIED</u>.[4]

SO ORDERED.

/s/ Richard G. Stearns  
UNITED STATES DISTRICT JUDGE

---

[4] Petitioner is advised that any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 of the court's Order dismissing his petition is also <u>DENIED</u>, the court seeing no meritorious or substantial basis for an appeal. The Clerk will close the matter and notify the petitioner accordingly.